**Joann ERNST, Plaintiff—Appellant,**

v.

**CITY OF BELLINGHAM; Mark Asmundson, individually and in his official capacity; Joan Hoisington, individually and in her official capacity; Randy Carroll, individually and in his official capacity, Defendants—Appellees.**

No. 04–35613.

D.C. No. CV–03–00046–JCC.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided April 18, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Frederick M. Lerner, Esq., J. Cunyon Gordon, Esq., R. Edward Wilhoite, Jr., Esq., Lerner & Wilhoite, Bellingham, WA, for Plaintiff-Appellant.

Diane Geiger Libby, Esq., Johnson Andrews & Skinner, Robert Leslie Christie, Esq., Christie Law Group, Seattle, WA, for Defendant-Appellee.

Appeal from the United States District Court for the Western District of Washington, John C. Coughenour, Chief Judge, Presiding.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Joann Ernst brought an action under 42 U.S.C. § 1983 against the City of Bellingham, Washington, and several city officials, complaining of her arrest and prosecution following a protest at a city council meeting. The district court granted defendants' summary judgment motion, and Ernst appeals from that judgment. The facts are known to the parties and are repeated here only as necessary.

■ Bellingham Mayor Mark Asmundson declared by affidavit that he left the city council meeting before Ernst's protest and had no involvement in her subsequent arrest and prosecution. Because Asmundson could only be liable if he was personally involved in violating Ernst's constitutional rights, *Mackinney v. Nielsen,* 69 F.3d 1002, 1008 (9th Cir.1995), he was entitled to summary judgment.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ City Attorney Joan Hoisington attended the city council meeting and later reviewed a tape of the meeting to determine whether the protesters should be charged with a crime. As a prosecutor, Hoisington was entitled to absolute immunity for her "professional evaluation of the evidence assembled by the police." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *see Roe v. City & County of San Francisco*, 109 F.3d 578, 584 (9th Cir.1997).

■ Bellingham Police Chief Randy Carroll was entitled to summary judgment for ordering Ernst's arrest because a reasonable observer of the city council meeting would have concluded that there was at least a fair probability that Ernst disrupted the meeting. Thus, there was probable cause to arrest her, and Carroll did not violate Ernst's constitutional rights.

■ Finally, the district court properly found that Ernst's arrest was not pursuant to an unconstitutional municipal policy. We reject Ernst's overbreadth challenge to Bellingham Municipal Code § 10.24.010(B)[1] because the ordinance is content-neutral; it punishes only intentionally disruptive speech without regard to its content. *See Vlasak v. Superior Court of Cal. ex rel. County of Los Angeles*, 329 F.3d 683, 689 (9th Cir.2003) (citations omitted). The ordinance is narrowly tailored to the significant governmental interests of preserving public order and ensuring that government business is accomplished in an efficient manner. *See White v. City of Norwalk*, 900 F.2d 1421, 1426 (9th Cir. 1990). Additionally, the ordinance leaves open ample alternative means of communication. *See Vlasak*, 329 F.3d at 689.

■ Ernst's vagueness challenge to the ordinance also fails. The ordinance's scienter requirement mitigates any vagueness problem, providing a reasonable person with adequate notice that her conduct is proscribed and limiting the discretion of law enforcement. *See United States v. Wyatt*, 408 F.3d 1257, 1261 (9th Cir.2005) *cert. denied*, —— U.S. ——, 126 S.Ct. 454, 163 L.Ed.2d 345 (2005); *Cal. Teachers Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1154 (9th Cir.2001) (citation omitted).

■ Finally, we reject Ernst's challenge to the ordinance as applied to her. The government has the constitutional power to impose reasonable restrictions on speech during city council meetings, and the city council has a substantial interest in "accomplishing its business in a reasonably efficient manner." *White*, 900 F.2d at 1425–26. This interest is unrelated to the suppression of free expression, and the restriction on speech is no greater than necessary to further the interest. *See Vlasak*, 329 F.3d at 691.

Because the ordinance is not unconstitutional on its face nor as applied, the district court did not err in granting summary judgment to the City of Bellingham.

AFFIRMED.

---

1. Hoisington's decision to prosecute Ernst did not represent official municipal policy because "[t]he fact that a particular official—even a policy-making official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–82, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion); *see also Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir.1992) (per curiam).